UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS K. YIM, AS4979,<br>    Petitioner,<br>  v.<br>ROBERT W. FOX, Warden,<br>    Respondent. | Case No. 16-5999 SK (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner incarcerated at the California Medical Facility in Vacaville, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Alameda County Superior Court.

The petition is properly before the undersigned for initial review because petitioner has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

### BACKGROUND

Petitioner was convicted by a jury of first degree murder of Dzuy Phan with enhancements for personal discharge of a firearm causing death and personal use of a firearm. The jury also convicted petitioner of two offenses against Paul Park: mayhem, with enhancements for personal discharge of a firearm causing great bodily injury, infliction of great bodily injury and personal use of a firearm; and assault with a firearm, with enhancements for personal use of a firearm and infliction of great bodily injury. On December 13, 2013, petitioner was sentenced to 75 years to life on the murder count. The court imposed a concurrent sentence of 33 years to life on the mayhem count and stayed a 17-year sentence on the assault count.

On April 28, 2016, the California Court of Appeal struck the enhancement for infliction of great bodily harm to the sentence for mayhem, but otherwise affirmed the judgment of the trial court.

On July 27, 2016, the Supreme Court of California denied review.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Claims

Petitioner seeks federal habeas corpus relief on the ground that trial counsel was constitutionally ineffective because he failed to object to the admission of inflammatory photographs and evidence of possession of firearms not involved in the charged offenses. Liberally construed, the Sixth Amendment ineffective assistance of counsel claim appears cognizable under § 2254 and merits an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.  The clerk shall serve (1) a copy of this order, (2) the petition and all attachments thereto, and (3) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that respondent consent or decline to consent within 28 days of receipt of service), on respondent and respondent's attorney, the Attorney General of the

1  State of California. The clerk also shall serve a copy of this order on petitioner.

2      2.    Respondent shall file with the court and serve on petitioner, within 60 days
3  of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules
4  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
5  granted. Respondent shall file with the answer and serve on petitioner a copy of all
6  portions of the state trial record that have been transcribed previously and that are relevant
7  to a determination of the issues presented by the petition.

    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
the court and serving it on respondent within 30 days of his receipt of the answer.

    3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

    4.    Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

**IT IS SO ORDERED.**

Dated: December 1, 2016

_____
SALLIE KIM
United States Magistrate Judge

3